UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN LEWIS,

          Plaintiff,                   No. 14-10204

v.                                  District Judge David M. Lawson
                                  Magistrate Judge R. Steven Whalen

NATIONSTAR MORTGAGE,
GINNIE MAE, SCHNEIDERMAN &
SHERMAN P.C., BANK OF AMERICA,
N.A., and FANNIE MAE,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a mortgage foreclosure case that was removed from the Washtenaw
County, Michigan Circuit Court on January 16, 2014.  The Plaintiff, Christian Lewis,
filed a *pro se* complaint that is attached as Exhibit A to the Notice of Removal [Doc. #1].
The following dispositive motions have been referred for Reports and Recommendations
pursuant to 28 U.S.C.  § 636(b)(1)(B):

    -Motion to Dismiss by Ginnie Mae and Nationstar Mortgage [Doc. #2].[1]

    -Motion to Dismiss by Bank of America, N.A. ("BANA")[Doc. #5].

    -Motion for Summary Judgment by Fannie Mae [Doc. #11].

For the reasons discussed below, I conditionally recommend that all three motions
be GRANTED, contingent on the Court denying Plaintiff's motion to remand [Doc.

---

[1] "Ginnie Mae" is the colloquial name for the Government National Mortgage
Association.  "Nationstar Morgtgage" (hereafter "Nationstar") is the shortened version of
Nationstar Mortgage LLC.

#13].[2]

# I.   FACTS

In his complaint, Plaintiff[3] seeks quiet title to real property in Ypsilanti, Michigan, as well as money damages.  He states that around April of 2009, he obtained a mortgage on this property from Countrywide Home Loans. *Complaint*, ¶ 12 [Doc. #1, Exh. A].  He alleges that the mortgage was assigned to Bank of America, N.A. ("BANA"), which "recorded a Fraudulent Mortgage Assignment on the Plaintiff['s] property at the Washtenaw County register of deeds with forged signatures to collude a Corporate Assignment to Nationstar Mortgage, LLC." *Id*.  ¶ 13. Plaintiff alleges that Nationstar informed him that it was the loan servicer, with the creditor to whom the debt was owed being Ginnie Mae.  *Id*.  ¶ 14.  In a letter dated February 5, 2013, Schneiderman and Sherman, P.C. sent him a letter "threatening to institute mortgage foreclosure proceedings [on] behalf of Nationstar Mortgage...."  *Id*.  ¶ 17.  On April 18, 2013, Plaintiff received a notice of a Sheriff's Sale of the property.  *Id*.  ¶ 19.

Plaintiff alleges that "the Defendants" (although he does not specify which Defendants) "committed fraud by reporting that a "Deed in Lieu" was consummated to the Credit Agencies...."  *Id*.  ¶ 26.  He claims that the separation of the promissory note and the mortgage caused "the note to become an unsecured debt, and the mortgage to be unenforceable."  *Id*.  ¶ 27.

Plaintiff brings seven discrete counts in his complaint:

---

[2] By separate Report and Recommendation, I have recommended that Plaintiff's motion to remand be denied.

[3] Although Christian Lewis is the only named Plaintiff in this case, he refers to himself in the plural throughout the complaint.

Count I: Lack of Standing (presumably meaning lack of standing to foreclose).

Count II: Fraud and Misrepresentation.

Count III: Violation of Michigan Consumer Protection Act ("MCPA"), M.C.L. §
445.901.

Count IV: Violation of Pooling and Servicing Agreement.

Count V: Violation of Article III of the Uniform Commercial Code, based on the
Defendants having forged his signature on the original note.

Count VI: Negligent Undertaking.

Count VII: Negligent Misrepresentation.

Defendants Nationstar and Ginnie Mae have attached to their motion [Doc. #2]
documentation regarding the mortgage, loan, and subsequent foreclosure that Plaintiff
referred to in his complaint. These documents show the following chronology of events.
On April 8, 2009, Plaintiff obtained a $138,490.00 loan from Countrywide Bank, FSB,
executing a promissory note secured by a mortgage on the property that is the subject of
this case. The mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS"),
"as nominee for the lender and its successors and assigns."  On June 18, 2012, MERS
assigned the mortgage to BANA, and on December 17, 2012, BANA assigned the
mortgage to Nationstar.

On December 19, 2012, after Nationstar informed Plaintiff that it was the new
servicer on the account, he sent a "cease and desist" letter to Nationstar on December 19,
2012, alleging violation of the Fair Debt Collection Practices Act.  Construing this letter
as a request for validation of the debt, Nationstar sent Plaintiff documentation regarding
the debt, the note, the mortgage, and other relevant information.

Plaintiff defaulted on the debt. Nationstar commenced foreclosure by

-3-

advertisement proceedings, and Nationstar purchased the property at a Sheriff's Sale on April 18, 2013, for the sum of $141,087.24.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### B.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to

-4-

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.    DISCUSSION

<u>1. Lack of Standing</u>

Plaintiff appears to argue that because Nationstar was the assignee of the mortgage, but not the promissory note, it could not properly foreclose, because it "is not a real party in interest (or owner of the indebtedness) as it does not own the promissory note, nor can it show a record chain of title proving such." *Complaint*, ¶ 28. To the extent that Plaintiff brings this claim against BANA, Ginnie Mae, and Fannie Mae, there are no allegations that they initiated or participated in the foreclosure, and thus this claim

should be dismissed against those entities.

In *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183

(2011), the plaintiff argued similarly that the separation of the mortgage from the

promissory note precluded MERS (as well as assignees of MERS) from foreclosing

pursuant to M.C.L. § 600.3204. Rejecting this argument, the Supreme Court held:

> "[A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(l)(d).

> \* \* \*

> "[T]he Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who 'own[ ] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'"
> [ *Saurman II,* 490 Mich. 909, quoting MCL 600.3204(l)(d).]

Relying on *Sauerman* in *Yousif v. Bank of New York Mellon* 2012 WL 2403472, \*3

(E.D.Mich. 2012), the Court held:

> "Plaintiffs contend that Defendant did not own an interest in the indebtedness secured by the mortgage, and was therefore not permitted to foreclose by advertisement. Compl. ¶¶ 7–9. The Court disagrees. Defendant held a mortgage which was contingent upon the satisfaction of the promissory note. The Michigan Supreme Court has held that such a mortgage is an 'interest in the indebtedness' which permits the mortgage holder to foreclose by advertisement. *Residential Funding Co., L.L. C. v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (Mich.2011)."

*See also Fortson v. Federal Home Loan Mortg. Corp*. 2012 WL L 1183692, \*3

(E.D.Mich. 2012)("The *Saurman* court held that MERS or an assignee of MERS can

complete a foreclosure by advertisement because 'it is the owner ... of an interest in the

indebtedness secured by the mortgage.' *Id.* A mortgage assignment by MERS and

eventual foreclosure sale by the assignee is consistent with the foreclosure by

advertisement statute.").

    *Sauerman* is fatal to Count I of Plaintiff's complaint.


2.  Fraud and Misrepresentation

    Fed. R. Civ. P. 9(b), requires that a claim of fraud "must state with particularity the circumstances constituting fraud." The claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir.1993).

    Plaintiff's fraud claim against Nationstar appears to be based on the allegation that his credit report incorrectly reflected a "Bank Adjustment/Deed-in-Lieu/Bank Liquidation." *Complaint,* ¶ 21. Plaintiff brought this precise claim against Nationstar in a prior case, *Christian Lewis v. Nationstar Mortgage, Schneiderman & Sherman, P.C., and Bank of America, N.A.*, E.D. Mich. No. 13-11693. Dismissing the fraud count against Nationstar, Judge Lawson held as follows:

> "[Mr. Lewis] has made no fraud allegations against Nationstar 'with particularity.' The plaintiff alleges that his credit report showed that his mortgage account was a 'Bank adjustment/Deed in lieu of foreclosure/bank liquidation,' and he insists that he never signed a deed in lieu of foreclosure agreement, did not have an account with Nationstar, and therefore Natinstar committed fraud. However, Mr. Lewis does not contest that his loan was in default and subject to foreclosure or that his loan was foreclosed and his debt was 'adjusted.' Therefore, Mr. Lewis has not shown any false statement by Nationstar or any injury resulting from the defendants' alleged fraudulent conduct. The plaintiff's claim for fraud fails as a matter of law." *Opinion and Order* [Doc. #48] at 8-9.

    For the same reason, Plaintiff's fraud count in the present case must be dismissed. Not to mention that Judge Lawson's order in case no. 13-11693 is *res judicata* as to Defendant Nationstar.

-7-

Plaintiff also makes a general allegation that the Defendants "did misrepresent facts, or purposely fail to disclose material facts, in the alleged lending or servicing of mortgage loans." *Id.* ¶ 31. This falls far short of the particularity required by Rule 9(b).


3.  Michigan Consumer Protection Act[4]

The Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901, does not apply to residential loan transactions. *See Newton v. Bank West,* 262 Mich.App. 434, 438–39, 686 N.W.2d 491 (2004) (holding that the plaintiff's "MCPA claim fails as a matter of law because the residential mortgage loan transactions are exempt"); *Berry v. Bank of America, N.A.,* 2009 WL 4950463 (E.D.Mich. Dec.16, 2009) ("the MCPA does not apply to residential loan transactions").

Ginnie Mae, Fannie Mae, and Freddie Mac are also exempt from the MCPA. Dismissing an MCPA claim against Freddie Mac, the court in *Meyer v. Citimortgage, Inc*. 2012 WL 511995, *10 (E.D.Mich.,2012), held:

> "[T]he MCPA specifically exempts itself from applying to '[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United

_____

[4] In this complaint, Plaintiff has not expressed a claim under the Fair Debt Collection Practices Act ("FDCPA"). To the extent that the complaint could be so construed however, I note that in case no. 13-11693, based on the same transaction and involving the same parties as the present case, Judge Lawson dismissed the FDCPA claim against Nationstar, adopting Magistrate Judge Randon's Report and Recommendation, which stated:

> "After receiving Nationstar and SSPC's initial notifications, Plaintiff sent them separate cease and desist letters indicating he was the victim of mortgage fraud. In response, Nationstar confirmed to Plaintiff, in writing, that it had obtained his debt from Gank of America; it also provided Plaintiff with a copy of the underlying note and security instrument, Plaintiff's payment history, HUD-1 settlement statement, and servicing transfer notice. This was sufficient debt verification as a matter of law." [Doc. #40, p.8].

States.' M.C.L. 445.904(1)(a). Freddie Mac is a government sponsored
entity subject to the oversight of the Federal Housing Finance Agency.
Thus, plaintiffs' claim against defendants under the MCPA fails."

4.    Violation of the Pooling and Servicing Agreement

What pooling and servicing agreement? The complaint contains no allegation or

information that Plaintiff's loan was subject to any securitization or third-party

agreement, or what the terms of any such agreement were.  On this basis alone, the claim

fails under *Iqbal*.  In addition, an alleged violation of a securitization agreement to which

Plaintiff was not a party would not entitle the Plaintiff to any relief.  *See Leone v.*

*Citigroup, Inc*. 2012 WL 1564698, *3 -4 (E.D.Mich. 2012)(collecting cases)("[T]o the

extent that plaintiff is attempting to assert a claim based upon the securitization of the

mortgage loan, such a claim fails"); *Rodenhurst v. Bank of Am.,* 773 F.Supp.2d 886, 898

(D.Haw. 2011)("[C]ourts have uniformly rejected the argument that securitization of a

mortgage loan provides the mortgagor with a cause of action.").

5.  Article III of the UCC

Plaintiff claims that Nationstar violated Article III of the Uniform Commercial

Code by forging his name on the original mortgage or loan document. First, Nationstar

was the second assignee of the mortgage, receiving an assignment from BANA, which in

turn had received an assignment from MERS. Neither Nationstar, BANA, Ginnie Mae

nor Fannie Mae was not involved in executing the original mortgage documents.

Secondly, Plaintiff does not dispute that he received the benefit of a loan with a purchase

money mortgage. *See Complaint*,  ¶ 12.

Finally, Article III of the UCC does not apply to mortgages. *Schare v. Mortgage*

*Electronic Registration Systems, Inc*., 2012 WL 2031958, *2 (E.D.Mich. 2012), held:

"Furthermore, the UCC provisions Plaintiff relies upon are part of Article 3
of the UCC and this section of the UCC is inapplicable to mortgages. *See*

-9-

*Jaboro v. Wells Fargo Bank, N.A.,* 2010 WL 5296939 at * 6 (E.D.Mich. Dec.20, 2010) (holding that Article 3 of the UCC does not apply to mortgages because Article 3 applies only to negotiable instruments and '[a] mortgage instrument is not a negotiable instrument since it does not "contain an unconditional promise or order to pay a sum certain.... A mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee."' *Id.* (citations omitted)); *Howze v. New Century Mortgage Corp.,* 2008 WL 5110521, at *1 n. 1 (E.D.Mich. Dec, 2, 2008) (citing *Mox v. Jordan,* 186 Mich.App. 42, 46, 463 N.W.2d 114, 115 (1990)); *Hilmon v. MERS, supra.*"

<u>6. and 7.  Negligent Undertaking and Negligent Misrepresentation</u>

These claims, as set forth in  ¶¶ 49-50 of the complaint, are conclusory, undadorned by facts, and do not meet the *Iqbal* standard of plausibility or the Rule 9(b) standard of particularity.  *See Brown v. Steel Capital Steel, LLC*, 2013 WL 765310, *4 (E.D. Mich. 2013)("plaintiff fail[ed] to allege any facts in support of these claims [of negligent undertaking and negligent misrepresentation], thus she [] failed to comply with Rule 9(b) since these claims are based on fraud").

## IV.   CONCLUSION

For these reasons, I recommend as follows:

(1) That Nationstar's and Ginnie Mae's motion to dismiss [Doc. #2] be GRANTED.

(2) That BANA's motion to dismiss [Doc. #5] be GRANTED.

(3) That Fannie Mae's motion for summary judgment [Doc. #11] be GRANTED.

(4) That all recommendations are conditional, contingent on the Court denying Plaintiff's motion to remand [Doc. #13].

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

-10-

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 25, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
