EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN LEWIS,

      Plaintiff,                          No. 14-10204

v.                                      District Judge David M. Lawson
                                           Magistrate Judge R. Steven Whalen

NATIONSTAR MORTGAGE,
GINNIE MAE, SCHNEIDERMAN &
SHERMAN P.C., BANK OF AMERICA,
N.A., and FANNIE MAE,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This is a mortgage foreclosure case that was removed from the Washtenaw County, Michigan Circuit Court on January 16, 2014, based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. On February 19, 2014, Plaintiff filed an Objection to Notice of Removal and Motion to Remand to State Court [Doc. #13], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion to remand to state court be DENIED, but that non-diverse Defendant Schneiderman & Sherman, P.C. ("SSPC") be severed pursuant to Fed.R.Civ.P. 21, and that the claims against SSPC be consolidated with Docket No. 13-11693.

-1-

I. **FACTS**

In his complaint, Plaintiff seeks quiet title to real property in Ypsilanti, Michigan, as well as money damages. He states that around April of 2009, he obtained a mortgage on this property from Countrywide Home Loans. *Complaint*, ¶ 12 [Doc. #1, Exh. A]. He alleges that the mortgage was assigned to Bank of America, N.A. ("BANA"), which "recorded a Fraudulent Mortgage Assignment on the Plaintiff['s] property at the Washtenaw County register of deeds with forged signatures to collude a Corporate Assignment to Nationstar Mortgage, LLC." *Id*. ¶ 13. Plaintiff alleges that Nationstar informed him that it was the loan servicer, with the creditor to whom the debt was owed being Ginnie Mae. *Id*. ¶ 14. In a letter dated February 5, 2013, Schneiderman and Sherman, P.C. ("SSPC") sent him a letter "threatening to institute mortgage foreclosure proceedings [on] behalf of Nationstar Mortgage...." *Id*. ¶ 17. On April 18, 2013, Plaintiff received a notice of a Sheriff's Sale of the property. *Id*. ¶ 19.

The only non-diverse Defendant is SSPC. In their Notice of Removal [Doc. #1], Defendants acknowledge as much, but claim that SSPC was fraudulently joined, and thus cannot defeat diversity jurisdiction.

The claims against SSPC include Count III, violation of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901. In the factual portion of his complaint, Plaintiff made the following allegations against SSPC:

> ¶ 18. On February 15, 2013 mailed formal notice to cease and desist collection activity and Mortgage Fraud Notice to Schneiderman & Sherman

P.C.

¶ 20. On March 5, 2013 mailed Schneiderman and Sherman P.C. Washtenaw County records evidencing Nationstar or Ginnie Mae does not have claim on my property.

¶ 22. On April 18, 2013 Schneiderman and Sherman fraudulently sold my property at a Sheriff's Sale even though there were no attempts to validate any claims on my property or even respond to my letters. These acts show pure negligence of the FDCPA Federal and State Laws and are in acquiescence of fraud.

Prior to filing the present action in state court, Plaintiff filed a separate action in this Court arising out of the same facts. *Christian Lewis v. Nationstar Mortgage, Schneiderman & Sherman, P.C., and Bank of America, N.A.*, E.D. Mich. No. 13-11693. In that case, Plaintiff brought a Federal Debt Collection Practices Act ("FDCPA") claim (but not an MCPA claim) against SSPC. On March 18, 2014, Judge Lawson denied SSPC's motion for summary judgment as to the FDCPA claim, finding that "[a] jury reasonably could find that Mr. Lewis requested debt validation from [SSPC] and therefore summary judgment is inappropriate." E.D. Mich. No. 13-11693, Doc. #48, p. 17.[1]

## II. DISCUSSION

The Defendants removed this case from Washtenaw County Circuit Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity of citizenship of the parties must be complete. "[N]o plaintiff can be the citizen of the same State as any

---

[1] The remaining claims against SSPC were dismissed.

defendant." *Exact Software North America, Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). In the present case, the Plaintiff and Defendant SSPC are both Michigan citizens. In their Notice of Removal and in response to the motion to remand, however, the Defendants seek refuge in the doctrine of fraudulent joinder, arguing that SSPC was improperly joined, and should therefore be dismissed. If SSPC is dismissed, there will be complete diversity.

The removing party has the burden of establishing federal jurisdiction, and hence the burden of showing fraudulent joinder. *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 948–49 (6th Cir.1994). In *Cavey v. Bank of America, N.A.*, 2014 WL 1305037, *4 (E.D.Mich. 2014), Judge Borman described what must be shown to establish fraudulent joinder:

> "A removing defendant can establish fraudulent joinder by demonstrating that plaintiff has 'no colorable claim' against the non-diverse defendant under applicable state law. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999). Plaintiff's motive in joining a non-diverse defendant is immaterial to the Court's determination. *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). Whether the matter is properly removed is based upon the claims as pled in plaintiff's complaint. *Coyne,* 183 F.3d at 493. *See also Pichler v. U.S. Steel Corp.,* No. 09–10843, 2009 WL 3199698, at *3 n. 1 (E.D.Mich. Sept.30, 2009) (following Sixth Circuit precedent limiting review of plaintiff's claims in a fraudulent joinder analysis to the facts alleged in plaintiff's pleadings). All doubts as to the propriety of removal and any ambiguities in state law are resolved in favor of the party seeking remand. *Coyne,* 183 F.3d at 493."

Here, the Defendants, citing *Lyons v. Trott & Trott*, 905 F.Supp. 768 (E.D. Mich. 2012), argue that as counsel for the foreclosing entity, SSPC has no liability for any

-4-

alleged defects in the foreclosure. "Courts in this district have concluded that a plaintiff in a foreclosure action has no independent state law claim against [foreclosure counsel] (or any other similarly situated attorney/local designee) for conduct related to an alleged wrongful foreclosure where [counsel] is acting solely as the attorney/agent for the lender or loan servicer." *Id*. at 722.  Defendants also argue that Plaintiff has not stated a plausible claim of fraud against SSPC.

The Defendants are correct as to the claims of wrongful foreclosure and fraud. However, they overlook the fact that Plaintiff has also stated a claim against SSPC under the MCPA, and has pled facts sufficient to satisfy the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S.662 (2009). Specifically, ¶ 18 of the complaint alleges that Plaintiff sent a "cease and desist" letter to SSPC, challenging its collection activity. In ¶ 20, Plaintiff alleges that he sent SSPC documents purporting to show that he did not owe the debt. And in ¶ 22, he alleges that SSPC sold his property at a Sheriff's Sale "even though there were no attempts to validate any claims on my property or even respond to my letters." The Plaintiff has therefore stated a plausible claim that SSPC violated the MCPA by failing to validate the debt when requested to do so. In related Case No. 13-11693, Judge Lawson found that Plaintiff had shown a question of material fact as to whether SSPC violated the analogous federal statute, the FDCPA, by failing to validate the debt.

A "plausible claim" under *Iqbal* is a "colorable claim" under *Coyne*. The Defendants' fraudulent joinder argument therefore fails.

Nevertheless, this Court can retain diversity jurisdiction through the application of Fed.R.Civ.P. 21, which provides:

> "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Rule 21 permits the dismissal or severance of a non-diverse and dispensable party. "[A] party may not create diversity by dropping a nondiverse and indispensable party," but "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Soberay Mach. and Equip. Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 763 (6th Cir.1999) (citations omitted).[2] In *Safeco Ins. Co. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir.1994), the Court stated:

> "Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party. It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."

The Court must therefore determine whether SSPC is a dispensable party that may be severed, or an indispensable party. Fed.R.Civ.P. 19(a) sets forth the test for making

---

[2] The Court may *sua sponte* sever a party under Rule 21. *See Arista Records, LLC v. Does 1–9,* 2008 WL 2982265 (S.D.Ohio 2008) (The Court may *sua sponte* sever claims and parties.); *Sires v. Eli Lilly & Co.,* 2005 WL 1239636 (E.D.Ky.2005) (same); *Cosgrove v. Rios,* 2008 WL 4410153 (E.D.Ky.2008) (The Court may sever claims *sua sponte,* which results in the creation of separate actions); *Globe American Cas. Co. v. Davis,* 2008 WL 586419 (E.D.Tenn.2008) (same).

that determination. Under that Rule, a party is a "required party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject matter of the action
>
> and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability
>
> to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of
>
> incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under this test, SSPC is a dispensable party, not an indispensable or required party. The only viable claim against SSPC is the MCPA count alleging failure to validate the debt. That is a discrete claim that is factually unique to SSPC, and either granting or denying relief on that claim would in no way impair the Court's ability to accord complete relief to the remaining parties. The remaining parties would not face any risk of incurring multiple or inconsistent obligations.[3] SSPC's ability to protect its own interests would not be impaired or impeded, because it could defend its position either in state court (if the claim is remanded) or in the related 2013 federal case (if the claim is consolidated with that case). SSPC "is a dispensable party in this case because complete and adequate relief can be afforded the parties to this litigation without the presence of" SSPC. *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870, 877 (E.D.Mich.

---

[3] By separate Report and Recommendation, I have recommended that the claims against Defendants Nationstar Mortgage LLC, Bank of America, N.A., Ginnie Mae, and Fannie Mae be dismissed, contingent on the Court denying Plaintiff's motion to remand.

1999). Because it is a dispensable party, SSPC can be severed under Rule 21, thereby preserving complete diversity and defeating the Plaintiff's motion to remand. *Id*. at 878.

The claims against SSPC, once severed, could be remanded to state court. However, an important purpose of a Rule 21 severance is to "avoid causing unreasonable prejudice and expense to the defendant ... and to avoid great inconvenience in the administration of justice." *Nali v. Michigan Dep't of Corrections,* 2007 WL 4465247, *3 (E.D.Mich.2007). The avoidance of the inconvenience and expense to SSPC of defending factually similar consumer protection actions in both state and federal court, as well as the promotion of judicial economy, would be better served by severing SSPC from the present complaint, and then consolidating those claims with Docket No. 13-11693.

### III.  CONCLUSION

For these reasons, I recommend that Plaintiff's Motion to Remand to State Court [Doc. #13] be DENIED.

I further recommend that non-diverse Defendant Schneiderman & Sherman, P.C. be severed pursuant to Fed.R.Civ.P. 21, and that the claims against SSPC be consolidated with Docket No. 13-11693.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/R. Steven Whalen
> R. STEVEN WHALEN
> UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 25, 2014, electronically and/or by U.S. mail.

> s/Carolyn M. Ciesla
> Case Manager to the
> Honorable R. Steven Whalen